UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEEN F. SULLIVAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STEPHEN A. FINN, et al.,<br><br>　　　　　Defendants. | Case No. 3:17-cv-05799-WHO<br><br>**SHORT ORDER ON DEFENDANTS' MOTION TO TRANSFER**<br><br>Re: Dkt. No. 19 |

## INTRODUCTION

The parties dispute whether this action should be transferred to the United States Bankruptcy Court in the Northern District of California, where the Honorable Roger L. Efremsky is presiding over a matter involving the same nucleus of facts. I am inclined to think that plaintiffs potentially have claims that are independent of the claims of the entities in bankruptcy, but I am unsure whether an Adversary Proceeding will proceed in bankruptcy to address the entities' claims that are based on the same facts as the individuals' claims. If the Adversary Proceeding occurs, I would value the recommendation of Chief Judge Efremsky on the interrelationship, if any, of the entities' claims and those of the individuals, and by waiting I would avoid the potential for inconsistent adjudications. The parties have indicated that Chief Judge Efremsky has scheduled a hearing in that matter on March 19, 2018, at which he will determine whether the Adversary Proceeding will continue. Because those issues are relevant to the disposition of this motion, I will defer ruling until Chief Judge Efremsky decides how the bankruptcy matter will proceed.

## BACKGROUND

Siblings Kelleen Sullivan and Ross Sullivan (the "Sullivans") bring claims against Kelleen's ex-husband Stephen A. Finn ("Finn"), and Trust Company of America, Inc. ("TCA"), a

company in which he owns a majority of the voting stock. Compl. ¶¶ 1, 3. The Sullivans allege that Finn and TCA wrested control of the formerly family-owned and operated Sullivan Winery (the "Winery") and proceeded to drive the business into debt while accruing credit in Finn's favor. *See generally* Compl. The Winery is structured as two "closely interrelated businesses"—Sullivan Vineyards Corporation ("SVC") and Sullivan Vineyards Partnership ("SVP"). Compl. ¶ 10. Finn eventually foreclosed on two notes, prevented SVC and SVP from obtaining new financing, and engaged in expensive litigation ploys—all of which caused SVC and SVP to file for Chapter 11 bankruptcy in February 2017. *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, filed by SVC on February 1, 2017 (Request for Judicial Notice, Ex. A; Dkt. No. 19-1 at 4); Voluntary Petition for Non-Individuals Filing for Bankruptcy, filed by SVP on February 2, 2017 (Request for Judicial Notice, Ex. B; Dkt. No. 19-1 at 14)(jointly, the "SVC/SVP Bankruptcy").[1]

On July 14, 2017, SVC and SVP, under the control of the Sullivans as debtors-in-possession, commenced an action in the Bankruptcy Court against Finn and Angelica De Vere. *See* SVC/SVP Complaint, Adv. Proc. No. 17-1023 (the "Adversary Proceeding")(RJN, Ex. D; Dkt. No. 19-1 at 49); Ross Sullivan Decl. ¶ 3 (Dkt. No. 25-2). The first two claims on the SVC/SVP Complaint stem from objections to Finn and de Vere's claims against the estate—SVC and SVP object to Finn's claims for relief against each entity in the amount of $4,656,692.36,

---

[1] Finn requests judicial notice of certain documents on the docket in the jointly administered bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of California, entitled *In re Sullivan Vineyards Corporation* and *In re Sullivan Vineyards Partnership*, N.D. Cal. Bankruptcy Court Case No 17-10065-RLE-11. See Request for Judicial Notice ISO Mot. to Transfer to Bankruptcy Court (Dkt. No. 19-1). Specifically, he requests that I take notice of the voluntary petitions filed by SVC (Ex. A) and SVP (Ex. B), the Order on Motions for Order for Joint Administration of Cases, entered March 13, 2017 (Ex. C), the Complaint, filed July 14, 2017 (Ex. D), the Order Vacating Prior Order to Convert and Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, entered August 29, 2017 (Ex. E), Order Approving Appointment of Chapter 11 Trustee, entered August 29, 2017 (Ex. F), the Chapter 11 Status Conference Statement, filed by Chapter 11 Trustee on October 9, 2017 (Ex. G), Joint Reorganization Plan of SVC, SVP, and the Sullivans, dated October 20, 2017 (Ex. H), Plan Proponents' Reply to "Secured Creditor's Comments to Disclosure Statement and Latest Reorganization Plan," filed October 28, 2017 (Ex. I), Order Authorizing Trustee to (1) Sell Real and Personal Property Assets of Debtors Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f), and (2) Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365, entered December 11, 2017 (Ex. J).

Because these documents constitute matters of public record not subject to reasonable dispute, Finn's request is GRANTED. *See* Fed. R. Evid. 201.

SVC/SVP Complaint SVC/SVP Complaint ¶¶ 6–13, and SVC objects to de Vere's contract claim against it in the amount of $1,046,826, SVC/SVP Complaint ¶¶ 14–25. In the third claim, both entities seek monetary damages arising from breach of the fiduciary duties of loyalty and care, and SVC requests equitable indemnity for any liability stemming from an individual's employment between 2013 and October 2015, SVC/SVP Complaint ¶¶ 26–34. SVC and SVP alleged that their complaint constituted a "core proceeding pursuant to 28 U.S.C. § 157(b)" and they "consent[ed] to entry of a final order or judgment by the Bankruptcy Court." SVC/SVP Complaint ¶ 5.

On August 21, 2017, the Bankruptcy Court proposed the appointment of a Chapter 11 trustee, and, with no opposition from SVC and SVP, thereafter approved the appointment of Chapter 11 trustee Timothy Hoffman, at which point the Sullivans ceased their control over SVC and SVP as debtors-in-possession. *See* Order Vacating Prior Order to Convert and Directing the Appointment of a Chapter 11 Trustee (RJN, Ex. E; Dkt. No. 19-1 at 59); Order Approving Trustee (RJN, Ex. F; Dkt. No. 19-1 at 64). Trustee Hoffman hired an experienced winery consultant and determined that "a reorganization of the Debtor's business is not feasible." Chapter 11 Status Conference St., filed on October 9, 2017 (RJN, Ex. G; Dkt. No. 19-1 at 69).

In September 2017, counsel for the Sullivans notified Trustee Hoffman's counsel that the Sullivans planned to file a complaint on behalf of SVC shareholders and SVP partners against Finn for breach of his fiduciary duties. Niesar Decl. ¶ 2 (Dkt. No. 25-1); *see* 9/21/17 Email from Niesar to Oliner (Nieser Decl., Ex. A). On October 6, 2017, the Sullivans filed their complaint. Compl. (Dkt. No. 1). In this action (one of three related cases before me), the Sullivans assert claims against Finn for breach of fiduciary duty owed to SVP's partners, Compl. ¶¶ 75–88, and breach of fiduciary duty by controlling shareholder to SVC's non-controlling shareholders, Compl. ¶¶ 89–99; a claim against TCA for aiding and abetting breach of fiduciary duty, Compl. ¶¶ 100–108; and a claim against both Finn and TCA for unfair business practices, Compl. ¶¶ 109–117. On October 9, 2017, a copy of the complaint was provided to Trustee Hoffman's counsel with a note that they "had worked very hard to avoid asserting any claims belonging to the bankruptcy estates… ." Niesar Decl. ¶ 3; *see* 10/9/17 Email from Niesar to Oliner (Niesar Decl., Ex. B).

3

On October 23, 2017, the parties discussed this action at a status conference in the Bankruptcy Court. Niesar Decl. ¶ 4. Finn argued, as he does here, that this action involves derivative claims belonging to the estate, and not to individual shareholders and partners. *Id*. The Sullivans responded that this action involves their individual claims. *Id*. Neither Trustee Hoffman nor his counsel commented on the action.[2] *Id*.

At the October 30, 2017 status conference, Trustee Hoffman announced that he had received a letter of intent from a buyer interested in buying the assets of SVC and SVP at an amount sufficient to satisfy all creditors.[3] *See* Audio Recording from 10/30/17 Status Conference in N.D. Cal. Bankruptcy Court Case No 17-10065-RLE, Dkt. No. 230. The Sullivans consented on the record to the sale. *Id*.

On December 11, 2017, the Bankruptcy Court entered an order authorizing Trustee Hoffman to sell the assets of the debtors free and clear of liens and assume and assign executory contracts. Order Authorizing Sale (RJN, Ex. J; Dkt. No. 19-1 at 102). The proceeds from the sale would include sufficient funds to settle all of the potential creditors' claims against the estate. Sullivan Decl. ¶7; *see* Hoffman Decl. ISO Mot. to Sell (Sullivan Decl., Ex. A, Dkt. No. 25-2 at 5).

In late December, SVC, SVP, and the Sullivans submitted to the Bankruptcy Court a joint reorganization plan (the "Plan"). Sullivan Decl. ¶ 9; *see* the Plan (Sullivan Decl., Ex. B). The Plan is premised on the sale closing, and includes provisions upon confirmation of the Plan for terminating Trustee Hoffman's authority and duties and dismissal of the Adversary Proceeding

---

[2] The Sullivans emphasize these points to rebut the January 30, 2018 declaration from Trustee Hoffman in support of Finn's motion to transfer this action to the Bankruptcy Court. Sullivan Decl. ¶ 12; Niesar Decl. ¶ 6; *see* Hoffman Decl. (Dkt. No. 22). The Sullivans object to paragraphs i and j of the Hoffman Declaration because they constitute improper conclusions and argument in violation of Civil Local Rule 7-5(b). *See* Opp'n at 1–2. I will not strike those paragraphs but accord them no weight because they are conclusory.

In their reply, defendants object to paragraph 4 of the Niesar declaration and the second sentence of paragraph 8 of the Sullivan declaration of hearsay and relevance grounds. *See* Reply at 14. Defendants' objections are OVERRULED. The assertions are relevant to the proceedings, and, to the extent they contain hearsay, I will consider those statements only to provide context to the issues, and not for their truth.

[3] According to Ross Sullivan, he "found and brought to the negotiating table" the prospective purchaser. Sullivan Decl. ¶ 6.

4

without prejudice. Sullivan Decl. ¶ 9; *see* the Plan, Article 6.1, Article 9 (Dkt. No. 25-2 at 10). The Bankruptcy Court has scheduled a hearing on the Plan for March 19, 2018. Sullivan Decl. ¶ 9.

On January 10, 2018, the sale closed for a confidential sum. Sullivan Decl. ¶¶ 8, 10. As part of the closing, Finn and associated parties received $17,798,405.20, including $2,647,833.70 in attorneys' fees and other costs. Sullivan Decl. ¶ 10. Those payments fully satisfied the claims of Finn and associated entities.[4] *Id*. ¶¶ 10–11.

## LEGAL STANDARD

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11… ." 28 U.S.C. § 157(b)(1). "Core proceeding include, but are not limited to—(A) matters concerning the administration of the estate … (C) counterclaims by the estate against persons filing claims against the estate … [and] **(O)** other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims … ." 28 U.S.C. § 157 (b)(2).

Even if a matter does not constitute a "core proceeding" under title 11, bankruptcy judges may hear matters "related to a case under title 11[.]" 28 U.S.C. § 157; *see also* 28 U.S.C. § 1334(b)(granting district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11); N.D. Cal. Gen. Order No. 24 (referring to the bankruptcy judges of this district "all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11."). When a bankruptcy judge hears a matter that "is not a core proceeding but that is otherwise related to a case under title 11[,] … the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court[.]" 28 U.S.C. § 157(c)(1). The district court will review de novo the bankruptcy judge's proposed findings and conclusions and enter any order or judgment, unless all parties consent to the bankruptcy judge entering any such orders subject to review by appeal to the district

---

[4] Finn has since filed amended claims in the SVC/SVP Bankruptcy Action and now disputes whether the sale proceeds were sufficient to cover all claims. *See* discussion *infra*.

5

court. 28 U.S.C. § 157(c)(2).

## DISCUSSION

As an initial matter, the Sullivans' claims are not "core claims" under Title 11. *See In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010)("[A] core proceeding is one that invokes a substantive right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a bankruptcy case.")(internal quotation marks omitted).

The question of whether this matter is "related to" a case under title 11 is less clear. "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)(emphasis in original)(quoting another source). In other words, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. In addition, "common facts alone are insufficient to confer 'related to' jurisdiction." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

The parties dispute whether the Sullivans' claims belong to the Sullivans as individual shareholders and partners, or to the SVC and SVP entities. I am inclined to find that their allegations state claims that may entitle them to relief as individuals. *See Schnabel v. Lui*, 302 F.3d 1023, 1030 (9th Cir. 2002)("Under California law, partners are permitted to 'maintain an action against the partnership or another partner for legal or equitable relief.'")(quoting Cal. Corp. Code § 16405(b)); *Jara v. Suprema Meats, Inc.*, 121 Cal. App. 4th 1238, 1254–1258 (2004) (summarizing cases addressing actions by minority shareholders alleging breach of fiduciary duty by the majority shareholder and allowing plaintiff's individual action even when allegations include potential damage to the corporation); *Jones v. H. F. Ahmanson & Co.*, 1 Cal. 3d 93, 108 (1969)("[M]ajority shareholders, either singly or acting in concert to accomplish a joint purpose, have a fiduciary responsibility to the minority and to the corporation to use their ability to control the corporation in a fair, just, and equitable manner.").

But defendants insist that even if the claims are not property of the estate, they are related

to the bankruptcy action because they affect the administration of the estate. To support this position, defendants highlight the overlapping facts, and they cite to Trustee Hoffman's declaration. But "common facts alone are insufficient to confer 'related to' jurisdiction[,]" *In re Canion*, 196 F.3d at 585, and I am not considering Trustee Hoffman's conclusory statements, *see supra* note 2. Finally, they ask me to take judicial notice of amended proofs of claims against SVC and SVP filed by Finn in the SVC/SVP bankruptcy on March 6, 2018.[5] *See* Request for Leave to File Supplemental Request for Judicial Notice ISO Mot. to Transfer (Dkt. No. 38). In those claims, Finn seeks indemnification from SVC and SVP for the claims filed by the Sullivans in this action.

I will wait to see what Chief Judge Efremsky does. If he approves the Plan and dismisses the Adversary Proceeding, the bankruptcy proceeding will close and it makes sense for this case to remain with me.[6] If the court denies the plan, I may transfer this action after considering any order from Chief Judge Efremsky that follows the March 19, 2018 hearing.

## CONCLUSION

After the Bankruptcy Court decides the issues presented to it on March 19, 2018, the parties should file a joint statement notifying me of those decisions within one week. I will thereafter rule on defendants' motion to transfer.

**IT IS SO ORDERED.**

Dated: March 8, 2018

William H. Orrick
United States District Judge

---

[5] The claims were filed the day before the hearing on this motion.

[6] The court will also hear plaintiffs' motion to discharge Trustee Hoffman. The decision on that motion may also impact the Adversary Proceeding.