UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEEN F. SULLIVAN, et al., <br> Plaintiffs, <br> v. <br> STEPHEN A. FINN, et al., <br> Defendants. | Case No. 3:17-cv-05799-WHO <br><br> **ORDER ON JOINT DISCOVERY LETTER** <br> Re: Dkt. No. 90 |

On March 25, 2020, plaintiffs and siblings Kelleen and Ross Sullivan and defendant Stephen Finn, Kelleen's ex-husband, filed a joint discovery dispute letter. The Sullivans wish to depose Finn, who is a critical witness in this case. But Finn refuses to sit for a deposition on the advice of his doctor. At their request, Finn has provided the Sullivans with a letter from his doctor explaining that the stress of a deposition would have the potential to exacerbate his various medical conditions. The Sullivans seek the medical records on which Finn's doctor relied to reach his conclusion.

Given the grudge match quality of this litigation, the Sullivans are entitled to be skeptical about Finn's unavailability. Because Finn states that he cannot be deposed for medical reasons, and the Sullivans have made clear that they want to depose him, and the parties have brought this dispute to me, the fact that the Sullivans have not served a notice of deposition is immaterial.

I lack the information necessary to resolve this dispute. On this record, I will take Finn at his word. But his decision not to sit for a deposition has ramifications for both sides that I will sketch out below.

First, if Finn is unavailable to be deposed, he may not testify at trial. I do not know whether he has previously given testimony on the relevant issues in this case during one of the

several lawsuits involving these and related parties. I do not know which party suffers more from his inability to testify, although I assume that it hurts the Sullivans more. And while I know that a deposition is obviously preferable to written discovery, I do not know from the discovery letter whether there are lines of inquiry that the Sullivans may wish to pursue that could not be developed by interrogatories or admissions.

Second is the issue of whether Finn's unavailability is "wrongfully caused" in order to prevent him from testifying, which may impact the evidence presented at trial or evidentiary inferences that could be requested. *See, e.g.,* Fed. R. Evid. 804(a). As the parties volunteered, I direct that Finn lodge *in camera* the letter from Dr. Harper, either by mail or via the drop box on the first floor of the Courthouse for documents while emergency procedures are in place during the Covid-19 pandemic. After reviewing that letter, I will determine if any further discovery on Finn's health is appropriate.

For now, I direct that the Sullivans propound further written discovery to Finn that would answer any of their fact questions and tie down any admissions. Once I make a determination regarding the medical information, the Sullivans may serve a more specific dispute letter identifying areas of inquiry needed from Finn that written discovery cannot address and any evidentiary rulings they would request to overcome the deficit into which they have been put by Finn's unavailability. Finn should respond to the written discovery promptly so that I can resolve this dispute on a more complete record.

**IT IS SO ORDERED.**

Dated: March 26, 2020

William H. Orrick
United States District Judge